**DENIED and Opinion Filed April 5, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00415-CV

## IN RE CLEARCOVER INSURANCE COMPANY, Relator

**Original Proceeding from the 493rd District Court**
**Collin County, Texas**
**Trial Court Cause No. 493-01894-2022**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

Before the Court is relator's April 5, 2024 petition for writ of mandamus.

Relator challenges an April 1, 2024 order wherein the trial court denied relator's

motion to quash trial setting and, alternatively, motion for continuance. Also before

the Court is relator's April 5, 2024 motion for temporary relief wherein relator asks

this Court to stay the April 8, 2024 trial of the case and stay any other action or

discovery in the case pending further order of this Court.

Entitlement to mandamus relief requires relator to show that the trial court

clearly abused its discretion and that relator lacks an adequate appellate remedy. *In*

*re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

proceeding). Relator bears the burden of providing the Court with a record sufficient

to show it is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Phung Van Tran*, No. 05-14-01551-CV, 2014 WL 7234616, at *1 (Tex. App.—Dallas Dec. 19, 2014, orig. proceeding) (mem. op.) (citations omitted).

Relator's petition does not comply with the Texas Rules of Appellate Procedure in numerous respects. For example, relator provided a certified copy of the April 1, 2024 order being challenged, but none of the other documents that relator included in its mandamus record or appendix is a sworn or certified copy as is required by the rules. *See* TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). The mandamus petition reflects that there was a hearing on relator's motion to quash, and relator's petition includes factual statements about what did and did not happen at that hearing. But relator did not provide a reporter's record of the hearing. *See* TEX. R. APP. P. 52.3(g), (h). Relator also did not provide a statement that no testimony was adduced in connection with the matter complained at that hearing. *See* TEX. R. APP. P. 52.7(a)(2). Relator further makes representations about whether real party in interest filed a response to relator's plea in abatement, but it does not support those statements with citations to competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(g), (h).

Accordingly, we deny relator's petition for writ of mandamus. We also deny relator's motion for temporary relief as moot.

<u>/Dennise Garcia/</u>
DENNISE GARCIA
JUSTICE